IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01563-LTB-KLM

KEITH PARIS,
SHERRON LEWIS JR.,

    Plaintiffs,

v.

INDYMAC BANK F.S.B.,
ANNA MARIE PETERS-RUDDICK,
LYNN M. JANEWAY NO. 15592,
JANEWAY LAW FIRM, P.C.,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court pursuant to the **Order to Show Cause** issued on September 24, 2008 [Docket No. 4] and Plaintiff Sherron Lewis Jr.'s **Withdrawal of Complaint** [Docket No. 5; Filed September 24, 2008] ("Motion to Withdraw"). Because Plaintiffs are proceeding *pro se*, the Court gives them the benefit of liberal pleading interpretation. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is neither *pro se* party's advocate and must nevertheless recommend dismissal if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110.

    For the reasons provided below, I recommend that the Order to Show Cause be made **ABSOLUTE** and (1) that the Court dismiss Plaintiff Lewis's case against all Defendants without prejudice pursuant to Fed. R. Civ. P. 41(a); and (2) that the Court

dismiss Plaintiff Paris's case against all Defendants with prejudice as a sanction pursuant to Fed. R. Civ. P. 41(b). I further recommend that the Motion to Withdraw [#5] be **DENIED**.

By way of giving context to the Court's Recommendation, the Court provides the following background. On September 24, 2008, the Court held a Scheduling Conference [Docket No. 7]. While Plaintiff Lewis was in attendance, Plaintiff Paris failed to appear. Moreover, neither Plaintiff complied with the Court's Order setting the Scheduling Conference [Docket No. 3], and Defendants have not been served. On September 24, 2008, the Court issued an Order to Show Cause why Plaintiffs' case should not be dismissed for their failure to prosecute or comply with the Court's prior order [Docket No. 4]. Plaintiffs' deadline to respond was October 24, 2008. Since the filing of the Order to Show Cause, Plaintiff Lewis filed a Motion to Withdraw the complaint on behalf of both parties [Docket No. 5] and two voluntary notices of dismissal regarding Plaintiff Lewis's case as to all Defendants [Docket No. 8 & 9]. Plaintiff Paris did not respond to the Order to Show Cause and has not filed any pleading since the docketing of the complaint.

### I. Plaintiff Lewis

As a preliminary matter, the Motion to Withdraw filed by Plaintiff Lewis is improper. A *pro se* party may not file a pleading on behalf of another *pro se* party. *Vibe Techs., LLC v. Suddath*, No. 06-cv-00812-LTB-MEH, 2006 WL 3404811, at *5 (D. Colo. Nov. 22, 2006) (unpublished opinion) (citing 28 U.S.C. § 1654) (noting that "non-attorney *pro se* litigants cannot represent other *pro se* parties"). Accordingly, the Motion to Withdraw is subject to denial on this basis. Because Plaintiff Lewis has since filed notices of dismissal which operate as a voluntary request to dismiss his action against all named Defendants, the Court recommends that Plaintiff Lewis's notices be accepted and dismissal of his case

without prejudice be granted pursuant to Fed. R. Civ. P. 41(a).

## II. Plaintiff Paris

To date, the Court finds that Plaintiff Paris has failed to meaningfully participate in the prosecution of his case. Specifically, he has failed to comply with at least two Court Orders: (1) he failed to prepare a proposed scheduling order and attend the scheduling conference as required by the Court's Order of July 30, 2008 [Docket No. 3]; and (2) he failed to timely show cause why his case should not be dismissed as required by the Court's Order to Show Cause issued on September 24, 2008 [Docket No. 4].

Given Plaintiff Paris's failure to participate in the prosecution of his case, the Court considers whether his case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10 th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[1] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely

---

[1] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff Paris is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [his] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

### A. Prejudice to Defendant

From a review of the case file, I cannot conclude that Plaintiff Paris's failure to prosecute his case or comply with Court Orders prejudiced Defendants as they have not been served with the summons and complaint. While this factor does not necessarily weigh against Plaintiff Paris, the Court considers whether the totality of the *Ehrenhaus* factors nevertheless prompt this Court to recommend dismissal.

### B. Interference with the Judicial Process

I conclude that Plaintiff Paris's failure to prosecute his case and comply with Court Orders necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to follow Court Orders evidences a complete lack of respect for the Court and the judicial process. Moreover, the Court's review of the file and issuance of this Recommendation, which were necessitated by Plaintiff Paris's neglect,

4

increases the workload of the Court and interferes with the administration of justice.

    **C.**    **Culpability of Plaintiff Paris**

Plaintiff Paris has, without any reasonable excuse, ignored Court Orders and failed to move his case forward. He has also failed to show cause why his case should not be dismissed or to provide any justification for his failure to prosecute his case. The Court provided Plaintiff Paris with ample opportunity to litigate his case, but since the filing of the complaint, he has chosen not to participate. From an examination of the record, the Court notes that none of its Orders have been returned for insufficient address. From this, I must conclude that Plaintiff Paris received these Orders, that his failure to respond was willful, and that he is therefore responsible for his own noncompliance.

    **D.**    **Advance Notice of Sanction of Dismissal**

Plaintiff Paris was twice warned by the Court that he risked dismissal of his case if he failed to move his case forward or comply with Court Orders regarding the prosecution of his case [Docket Nos. 4 & 7]. Despite these warnings, Plaintiff Paris failed to participate in this case.

    **E.**    **Efficacy of a Lesser Sanction**

Finally, I conclude that no sanction less than dismissal would be effective. Although Plaintiff Paris is proceeding *pro se*, that does not excuse his neglect here. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). In addition, the Court doubts that a monetary sanction would be practical or effective. Further, Plaintiff Paris's conduct impacts both the Court and the judicial system, and a lesser sanction, e.g., limiting the evidence that Plaintiff Paris may admit at trial, would bear no substantial relation to the misconduct, particularly here where no Defendants have been served and Plaintiff Paris has effectively neglected

his case since its inception. Under these circumstances, no lesser sanction would be effective and dismissal with prejudice is the appropriate result.

### III. Conclusion

I respectfully RECOMMEND that the Order to Show Cause [#4] be made **ABSOLUTE**, and (1) that Plaintiff Lewis's case against all Defendants be **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(a); and (2) that Plaintiff Paris's case against all Defendants be **dismissed with prejudice** pursuant to Fed. R. Civ. P. 41(b).

I further RECOMMEND that the Motion to Withdraw [#5] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: October 29, 2008

                                                s/ Kristen L. Mix
                                                KRISTEN L. MIX
                                                United States Magistrate